UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| THOMAS J. GOODIN | CIVIL ACTION NO. 24-0281 |
| | SECTION P |
| VS. | |
| | JUDGE DAVID C. JOSEPH |
| WARDEN COX | MAG. JUDGE KAYLA D. MCCLUSKY |

### REPORT AND RECOMMENDATION

Petitioner Thomas J. Goodin, a prisoner in the custody of the Federal Bureau of Prisons proceeding pro se, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, on February 21, 2024. [doc. # 1, p. 15].[1] For reasons below, the Court should deny this Petition.

### Background

A.    State Court Proceedings

On May 16, 2005, Petitioner pled guilty to distribution of cocaine (state docket 04-F0231-1), possession of PCP with intent to distribute (state docket 04-F0578-1), and illegal carrying of a firearm (state docket 04-F0578-1). *See U.S. v. Thomas J. Goodin*, 3:18-cr-0154, Doc. 215-3, pp. 11-22 (W.D. La. 2019).[2] The trial judge sentenced Petitioner to fifteen years imprisonment for distribution of cocaine; the sentence was to be "concurrent to the sentences" for the other two convictions. *Id.* at 19-20. The judge sentenced Petitioner to five years imprisonment for possession of PCP with intent to distribute and five years imprisonment for

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636, and the standing orders of the Court.

[2] Petitioner's state sentencing transcript is on file in 3:18-cr-0154, a separate federal criminal proceeding against Petitioner. *Id.* The undersigned describes the separate proceeding in more detail below.

illegal carrying of a firearm.  *Id.* at 23.  The sentences were to be "concurrent to each other and concurrent to the sentence" for distribution of cocaine.  *Id.*

Petitioner did not file a direct appeal.  [doc. # 1, p. 2].

B.     Prior Federal Criminal Proceeding

In *U.S. v. Thomas J. Goodin*, 3:18-cr-0154, Doc. #s 1, 136 (W.D. La. 2019), Petitioner was indicted on several federal felony charges.  On July 19, 2019, a jury found Petitioner guilty of conspiring to distribute and to possess with the intent to distribute methamphetamine, possessing with the intent to distribute methamphetamine, and possessing with the intent to distribute phencyclidine (PCP).  *Id.* at doc. #188.  Also on July 19, 2019, a jury found that Petitioner (1) previously served more than 12 months in prison for distribution of cocaine; (2) was released from serving any term of imprisonment for the offense of distribution of cocaine within 15 years of the date of the commencement of the underlying drug-trafficking offenses in Counts, 1, 3, and 4; (3) previously served more than 12 months in prison for the possession with intent to distribute PCP; and (4) was released from serving any term of imprisonment for the offense of possession with intent to PCP within 15 years of the date of the commencement of the underlying drug-trafficking offenses in Counts 1, 3, and 4.  *Id.* at doc. #196.

On November 6, 2019, Judge Terry A. Doughty sentenced Petitioner to imprisonment for "504 month(s) as to counts [1, 3, and 4]³ to run concurrently" and to supervised release for "10 (10) years as to Counts 1, 3, and 4 to run concurrently."  *Id.* at doc. #221.

---

³ The judgment used the notations 1s, 3s, and 4s, to denote that Petitioner was convicted of charges brought by superseding indictment.

2

C.  State Post-Conviction Review Proceedings

Petitioner challenged his 2005 state court convictions (distribution of cocaine and possession of PCP with intent to distribute, Docket Numbers 04-F0231-1 and 04-F0578-1) via post-conviction relief application because the federal court in *Goodin*, 3:18-cr-0154, used the two state convictions to enhance his federal sentence. [doc. # 5-1, pp. 4-5].

On November 5, 2019, Petitioner filed an application for post-conviction relief before the state trial court, asserting "various claims of ineffective assistance of counsel and denial of counsel." [doc. # 1, p. 3]. He states that "on or about" August 28, 2019, "while attempting to challenge 2 prior state charges used to enhance his federal sentence," he discovered new information in his state sentencing transcript. [doc. #s 1, p. 5; 5, p. 2; 5-1, p. 4]. "The evidence consisted of transcripts of a hearing in which he was removed from the presence of the court." [doc. # 5, p. 2]. He claims he was constructively denied counsel in his state court proceeding on May 16, 2005.

He "sought to have the convictions in No. 04-F-0578 and 04-F-0231 'invalidated' on the grounds that the convictions were uncounseled in violation of his 'Sixth Amendment' Right to Counsel . . . ." [doc. # 5-1, p. 4]. On August 7, 2020, the state court denied the application "on procedural grounds." [doc. #s 1, pp. 3-4; 5, p. 2].

The Louisiana Second Circuit Court of Appeal denied his claims on September 21, 2022. [doc. #s 5, p. 3; 5-1, p. 2].

On February 24, 2023, the Louisiana Supreme Court denied his claims, purportedly citing LA. CODE CRIM. PROC. art. 930.4. [doc. #s 1, p. 5; 5, pp. 2, 4].

D.  The Instant Habeas Corpus Proceeding

Petitioner challenges the Louisiana Supreme Court's post-conviction review ruling,

claiming that it violated his right to procedural due process. [doc. # 1, p. 5]. He challenges the court's "procedural denial," maintaining that the court failed to abide by LA. CODE CRIM. PROC. art. 930.4(F). [doc. # 5, pp. 3, 5, 7]. Under Article 930.4(F), "If the court considers dismissing an application for failure of the petitioner to raise the claim in the proceedings leading to conviction, failure to urge the claim on appeal, or failure to include the claim in a prior application, the court shall order the petitioner to state reasons for his failure." LA. CODE CRIM. PROC. art. 930.4(F). Petitioner claims that the Louisiana Supreme Court did not grant him an opportunity to state reasons for his failure. [doc. # 5, pp. 5, 7]. He concludes that the court did not grant him "a proper forum to hear his claim[.]" *Id.* at 7.

Petitioner asks this Court to vacate the Louisiana Supreme Court's ruling and remand the proceeding to a "lower court." [doc. # 1, p. 15].

## Law and Analysis

**I. Summary Dismissal**

Under Rule 4 of the Rules Governing Section 2254 Cases, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face . . . .").

"The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in 'the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on

4

the respondent by ordering an unnecessary answer.'" *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (*quoting* 28 U.S.C. § 2254 Rule 4 Advisory Committee Notes).

**II. State Court Error on Collateral Review**

As above, Petitioner challenges the Louisiana Supreme Court's ruling on post-conviction review, claiming that it violated his right to procedural due process. [doc. # 1, p. 5]. He challenges the court's "procedural denial," maintaining that the court failed to abide by LA. CODE CRIM. PROC. art. 930.4(F). [doc. # 5, pp. 3, 5, 7]. He asks this Court to vacate the Louisiana Supreme Court's ruling and remand the proceeding to a "lower court."

Infirmities in state habeas corpus proceedings do not state a claim for federal habeas corpus relief. *Vail v. Procunier*, 747 F.2d 277 (5th Cir. 1984); *see In re Palacios*, 58 F.4th 189, 190 (5th Cir. 2023) ("[I]nfirmities in state postconviction proceedings are not grounds for relief under § 2254."); *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999). "That is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." *Rudd v. Johnson*, 256 F.3d 317, 320 (5th Cir. 2001).

Petitioner's sole claim is not cognizable. *See In re Gentras*, 666 F.3d 910, 911 (5th Cir. 2012) (opining, where the petitioner sought to raise claims "based on new facts regarding purportedly improper procedures the state Fifth Circuit used to decide pro se postconviction petitions and the remedial procedures the Louisiana Supreme Court adopted in response[,]" that the petitioner did not state a cognizable claim because "[i]nfirmities in state postconviction proceedings are not grounds for relief under § 2254."); *Murray v. Vannoy*, 806 F. App'x 341, 343 (5th Cir. 2020) ("Inasmuch as Murray complains that the state courts' refusal to hold an evidentiary hearing on his claims was error and deprived him of due process, the claim is not

5

cognizable."). Accordingly, the Court should deny and dismiss this petition.

### III. 'In Custody' Requirement

As above, Petitioner appears to solely assign error to state habeas proceedings. Out of caution, however, the undersigned observes that Petitioner mentions an alleged error at his state trial, stating that he was constructively denied counsel of his choice on May 16, 2005, when his "newly retained counsel" lied and misled him "to believe the judge denied [his] new counsel['s] request for a continuance." [doc. # 5-1, p. 5].

Under 28 U.S.C. § 2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* (emphasis added). "A habeas petitioner may seek relief from a state court judgment only if he is 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Rubio v. Davis*, 907 F.3d 860, 862 (5th Cir. 2018).

Here, Petitioner is no longer in custody pursuant to the state court judgments and sentences in question. He completed and discharged his state court sentences,[4] and he is now in federal custody under the federal sentence outlined above. Thus, this Court would lack subject matter jurisdiction to the extent Petitioner assigned error to his state trial proceeding because he does not satisfy the 'in custody' requirement.

That Petitioner's state court convictions and sentences were used to enhance his federal sentence for which he is presently in custody does not change the result. In *Maleng v. Cook,* 490 U.S. 488, 489-90 (1989), the petitioner, who was incarcerated in a federal prison, contested a

---

[4] *Goodin*, 3:18-cr-0154, at doc. #230, pp. 14-15; TELEPHONE CALL TO LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, DIVISION OF PROBATION AND PAROLE (March 27, 2024).

1958 Washington state conviction for which the sentence had expired. He argued that the state conviction resulted in enhancement of another state sentence that he would be serving immediately following the expiration of his federal sentence. *Id.* at 489-90. The Court held that a petitioner whose sentence expired is not "in custody" for purposes of that conviction even if it was used to enhance his current or future sentences.

More pertinent, in *Pleasant v. State of Texas*, 134 F.3d 1256, 1256 (5th Cir. 1998), the petitioner sought federal habeas corpus relief under Section 2254, alleging that he was currently serving a federal sentence "that was erroneously enhanced as a result of an invalid" earlier state conviction. The petitioner contended "that the federal courts have subject matter jurisdiction over his § 2254 petition because he is presently in custody in part because of the enhancement of his federal sentence, which is based on his Texas conviction." *Id.* at 1257. He asserted "that because he continues to suffer the collateral consequences of that conviction, he is 'in custody' for purposes of § 2254." *Id.* The court disagreed, concluding that because the petitioner's Texas sentence expired, he was no longer "in custody" pursuant to that conviction for purposes of § 2254.[5] *Id.* at 1258 (*citing Maleng*, 490 U.S. at 488).

The Supreme Court has recognized "an exception to the general rule for § 2254 petitions that challenge an enhanced sentence on the basis that the prior conviction used to enhance the

---

[5] *See also Alaska v. Wright*, 593 U.S. 152, 154 (2021) (that a petitioner's "state conviction served as a predicate for his federal conviction" does not render him 'in custody' under Section 2254); *Doward v. Texas*, 149 F.3d 1176 (5th Cir. 1998) (finding that the district court lacked subject matter jurisdiction because the petitioner's state sentence expired and he was presently in federal custody); *Acosta v. Texas*, No. 16-50883, 2017 WL 4574617, at *1 (5th Cir. June 6, 2017) ("If the petitioner was no longer serving the challenged judgment when he filed his § 2254 petition because he fully discharged the sentence imposed upon that judgment, the 'in custody' requirement is not met, even if the challenged sentence was used to enhance a subsequent sentence that is not under attack in the § 2254 petition."); *Arballo-Marquez v. Texas*, 79 F. App'x 725, 726 (5th Cir. 2003).

sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)." *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 404 (2001). The exception, however, does not apply here because unlike the petitioner in *Lackawanna* who was serving a state sentence, Petitioner does not challenge any enhanced state sentence; rather, a federal court entered his later, enhanced sentence (a sentence he does and could not challenge under Section 2254). As the Supreme Court explained in *Alaska v. Wright*, 593 U.S. 152, 154 (2021) (*citing Lackawanna*, 532 U.S. at 394), if the petitioner's "second conviction had been for a state crime, he independently could have satisfied § 2254(a)'s 'in custody' requirement . . . ." *Id.* But the petitioner "could not satisfy § 2254(a) on that independent basis for the simple reason that his second judgment was entered by a federal court." [6] *Id.*

Overall, it plainly appears that Petitioner is not entitled to relief. Accordingly, the Court should summarily deny and dismiss this Petition.[7]

## Conclusion

For reasons above, **IT IS RECOMMENDED** that Petitioner Thomas J. Goodin's Petition for writ of habeas corpus be **DENIED and DISMISSED WITH PREJUDICE**.

---

[6] Even if Petitioner could utilize the exception in *Lackawanna* (he cannot), (1) he does not challenge his enhanced federal conviction here (he could not under Section 2254), and (2) he does not allege that "there was a failure to appoint counsel in violation of the Sixth Amendment." *Lackawanna*, 532 U.S. at 404. Rather, he claims that his "newly retained counsel" lied and misled him "to believe the judge denied [his] new counsel['s] request for a continuance." [doc. # 5-1, p. 5].

[7] *See, e.g., Twitty v. Missouri*, 2023 WL 3002421, at *4 (E.D. Mo. Apr. 19, 2023), appeal dismissed, No. 23-2302, 2023 WL 8259129 (8th Cir. Aug. 8, 2023) (summarily dismissing a habeas petition because the petitioner's state sentence expired, he was thus no longer in custody under the state court judgment he sought to challenge, and he was currently in federal custody).

Under the provisions of 28 U.S.C. § 636(b)(1)(C), and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by FED. R. CIV. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

In Chambers, Monroe, Louisiana, this 11th day of April, 2024.

_____
Kayla Dye McClusky
United States Magistrate Judge